# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

**In Re:**

SPENCER WILLIAM BOHN,

    **Debtor.**

**Bankruptcy Case No. 04-41735**

---

HEATHER BOHN,

    **Plaintiff,**

**vs.**

SPENCER WILLIAM BOHN,

    **Defendant.**

**Adv. Proceeding No. 04-6226**

---

**MEMORANDUM OF DECISION**

---

MEMORANDUM OF DECISION - 1

**Appearances:**

    Heather Bohn, Meridian, Idaho, *Pro Se* Plaintiff.

    Spencer William Bohn, Idaho Falls, Idaho, *Pro Se* Defendant.

## Background

Plaintiff Heather Bohn argues that the judgment she was awarded by a state court in the amount of $1,193.00 against Defendant Spencer Bohn, a Chapter 7 debtor, should be excepted from discharge under 11 U.S.C. § 523(a)(5). She contends that the debt represents Defendant's pro rata share of their children's day care expenses which he was responsible to pay under the parties' divorce decree. Although Defendant concedes that he was required to pay a portion of his children's day care expenses, he denies that he is obligated for this debt because Plaintiff allegedly violated the terms of the decree.

The Court conducted a hearing on Plaintiff's motion for summary judgment[1] on April 20, 2005. After hearing oral argument from both *pro se*

---

[1] Plaintiff actually filed two identical pleadings titled "Motion for Pretrial Hearing and Judgment" on March 10 and 17, 2005, a "Proposed Exhibit/Witness List" on March 11, 2005, and two supporting memorandums. Docket Nos. 11, 12, 13, 15, 16. In the interests of justice, and because the parties are acting without the benefit of counsel, the Court will liberally construe the pleadings and deem Plaintiff's motion and supporting papers a motion for summary judgment, and the Proposed Exhibit list as an affidavit. The motion and supporting documents fulfilled all of the requirements of Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, for a summary judgment motion. Although Defendant did not file a reply, it appears he may have submitted discovery responses opposing Plaintiff's motion. *See* Docket Entries for April 13, 2005,

MEMORANDUM OF DECISION - 2

parties, the Court took the issues under advisement. Docket No. 18. After carefully considering the submissions and contentions of the parties, the Court concludes that Plaintiff is entitled to partial summary judgment, and that a portion of the debt is excepted from discharge.

## Undisputed Facts

Plaintiff and Defendant were divorced by the state court pursuant to terms included in a Judgment and Decree of Divorce entered on October 1, 2003. Proposed Ex. List, Ex. 1 at 6–16, Docket No. 13. The divorce decree contained the following regarding payment of child care costs:

> **Child Care Costs:** The Defendant [Mr. Bohn] shall pay to Plaintiff [Ms. Bohn] his pro rata share of the child care costs for the parties' minor children. The party who initially pays the child care costs on behalf of the children will be reimbursed by the other party in an amount equal to the reimbursing party's Idaho Child Support Guidelines pro rata percentage, currently 54%, and continuing each month thereafter. This reimbursable amount is to be paid within thirty (30) days of receiving documentation showing the child care costs incurred on behalf of the children. Plaintiff shall give the Defendant the right of first refusal for providing child care services while Plaintiff is working.

Proposed Ex. List, Ex. 1 at 7–8, Docket No. 13.

---

*and* Plaintiff's Reply, Docket No. 17 (indicating Defendant's discovery responses objected to Plaintiff's motion).

MEMORANDUM OF DECISION - 3

Plaintiff and Defendant have three minor children. Plaintiff placed the children in child care while she attended college during the 2003–2004 school year. Two of the children attended the Boise State University Children's Center, while the third child attended the "Y-Kids" facility at the YMCA. Pl.'s Exs. A, AA. Plaintiff contends that Defendant's pro rata share of the child care expenses incurred during this period, which she paid, amounted to $1,114.81. Pl.'s Ex. A.

When Defendant did not reimburse her, Plaintiff filed a small claims complaint against him sometime prior to August 2004. Defendant did not defend, and the state court entered a default judgment against him on September 2, 2004, awarding Plaintiff $1,083.00 in damages and $110.00 in costs, for a total judgment of $1,193.00. Proposed Ex. List, Ex. 1 at 5, Docket No. 13. While the judgment does not specify the basis for the award, and Plaintiff did not submit a copy of the complaint she filed, Plaintiff has alleged, and Defendant does not deny, that the award represents the amount of child care costs the court found Defendant owed. Compl., ¶ 4, Docket No. 1; Ans., ¶ 4, Docket No. 3.

On August 13, 2004, after commencement of the state court action, but prior to entry of the default judgment, Defendant filed for relief under Chapter 7 of the Bankruptcy Code. Bankr. Case No. 04-41735, Docket No. 1.[2] In his

---

[2] The Court takes judicial notice of Defendant's bankruptcy case filing under Fed. R. Evid. 201, and treats the contents of Defendant's bankruptcy petition and

MEMORANDUM OF DECISION - 4

Schedule F, Defendant lists Plaintiff's debt in the amount of $1,118.00 and characterizes it as a "daycare contribution." Bankr. Case No. 04-41735, Docket No. 1.

### Arguments of the Parties

Defendant's primary defense for his failure to pay the child care expenses, and the reason for insisting that the debt should be discharged, is premised upon the language in the divorce decree giving him the "right of first refusal for providing child care services while Plaintiff is working." He claims that at the time, he informed Plaintiff of his availability to care for his children and asked to do so rather than placing them in professional child care. By refusing his requests, he argues, Plaintiff violated the terms of the divorce decree. Therefore, he concludes, he does not owe Plaintiff the debt.

While agreeing with Defendant's interpretation of the language in the divorce decree, Plaintiff disputes Defendant was "available" for the entire period of time she was required to attend college. In addition, Defendant was contemplating a move to accept a new job at the time and Plaintiff alleges that his impending move, combined with his recent remarriage, threatened the stability of

---

schedules as admissions under Fed. R. Evid. 801(d)(2). *See In re Kaskel*, 269 B.R. 709, 715 (Bankr. D. Idaho 2001); *In re Moore*, 01.4 I.B.C.R. 147, 149 n.7 (Bankr. D. Idaho 2001) (treating schedules as admissions).

MEMORANDUM OF DECISION - 5

any care he could provide. Under these circumstances, Plaintiff contends she was justified in rejecting Defendant's suggestion that he should care for the children.

## Disposition

**A. Summary Judgment Standard.**

Fed. R. Civ. P. 56(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7056, instructs that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

In the context of a motion for summary judgment, the Court may not weigh the evidence or draw inferences from the record. Rather, the Court should decide only whether there are any material facts in dispute, and whether the moving party is entitled to a judgment as a matter of law. *Perry v. U.S. Bank Nat'l Ass'n ND* (*In re Perry*), 03.2 I.B.C.R. 128, 129 (Bankr. D. Idaho 2003) (internal citations omitted).

**B. Stay Violation.**

Although not argued, the parties' pleadings as well as the exhibits offered in support of Plaintiff's motion raise the issue of a potential stay violation. *See* Compl., ¶ 3, Docket No. 1; Ans., ¶ 3, Docket No. 3; Proposed Ex. List, Ex. 1 at 5, Docket No. 13. Because the Court has an independent duty to uphold the provisions of the Bankruptcy Code, it will address this issue even though the parties have not. 11 U.S.C. § 105(a) (allowing the Court to issue any order necessary to carry out the provisions of Title 11).

The filing of a bankruptcy petition operates as a stay that arises automatically to prohibit, among other things, the continuation of judicial proceedings against the debtor that were commenced before the bankruptcy case. 11 U.S.C. § 362(a)(1). Normally, that would include a state court small claims action against the debtor to collect a prebankruptcy debt. There are, however, statutory exceptions to the operation of the stay.

One exception covers actions for the "collection of alimony, maintenance, or support from property that is not property of the estate." 11 U.S.C. § 362(b)(2)(B). "This exception to the automatic stay reflects a congressional policy to except the enforcement of child support obligations from the effect of the bankruptcy stay." *In re Martin*, 04.3 I.B.C.R. 131, 132 (Bankr. D. Idaho 2004) (citing *In re Cora*, 96.1 I.B.C.R. 25, 27 n.6 (Bankr. D. Idaho 1996)).

MEMORANDUM OF DECISION - 7

The bankruptcy estate does not include an individual Chapter 7 debtor's postpetition earnings. *Id*. (citing *In re Burton*, 85 I.B.C.R. 282, 282 (Bankr. D. Idaho 1985)). In this instance, provided Plaintiff's claim against Defendant was a support debt, Plaintiff's continuation of the small claims action against Defendant after he filed his bankruptcy petition, and the state court's entry of judgment against him, would not violate the automatic stay.

Whether an obligation constitutes support is a question of federal law. *Id.* (citing *Norris v. Norris* (*In re Norris*), 95 I.B.C.R. 233, 234 (Bankr. D. Idaho 1994), in turn citing *Shaver v. Shaver*, 736 F.2d 1314, 1315–1316 (9th Cir. 1984)). Here, clearly, the expenses the state court directed that Defendant pay constitute support. The child care costs are directly related to the care and well-being of Defendant's children while the custodial parent is working. Defendant does not deny that he owed a pro rata share of child care expenses under the parties' divorce decree, and he did not deny that the judgment debt of $1,083 represented the amount of support he owed.

However, the additional amount of $110.00 awarded to reimburse Plaintiff for her costs in bringing the state court suit is problematic. In reviewing the considerations outlined by the Court in *Martin* for determining whether an award of attorney fees and costs constitutes support, the primary consideration is

MEMORANDUM OF DECISION - 8

whether the state court made findings relating to the language in the divorce decree, and whether the court awarded costs and fees based upon the relative resources and needs of the parties. *Martin*, 04.3 I.B.C.R. at 132–133.

In this case, the state court made no findings relating to its award of costs for Plaintiff. The divorce decree provides that each party was to bear their own attorney fees and costs during the pendency of the divorce, and only allowed Plaintiff to be reimbursed should Defendant contest the matters in the decree. Proposed Ex. List, Ex. 1 at 12, Docket No. 13. Defendant, by allowing a default judgment to be entered against him, did not contest Plaintiff's action to enforce the decree. Therefore, in the absence of any findings by the court and against the backdrop of the divorce decree that determined each party should bear their own costs, the award of costs is not in the nature of support.

Because the costs awarded by the state court do not constitute support, this aspect of the state court's judgment violates the automatic stay. Actions taken in violation of the automatic stay are void. *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) (citing *In re Schwartz*, 954 F.2d 569, 571–72 (9th Cir. 1992)). Because the judgment clearly allocated a separate amount as costs, that portion of the judgment debt is void and unenforceable. The $1,083.00 portion of the judgment awarded to Plaintiff for child care expenses

MEMORANDUM OF DECISION - 9

was not affected by the stay, as the amount could have been entered without a cost award.

**C. The Debt is Nondischargeable.**

Although the Court considers the debt to represent a support obligation for purposes of the exception to the automatic stay under § 362(b)(2)(B), the debt may still be subject to discharge unless an exception applies. 11 U.S.C. § 523(a)(5) excepts from discharge in a case under Chapter 7 any debt

> to a spouse, former spouse, or child of the debtor, for
> alimony to, maintenance for, or support of such spouse
> or child, in connection with a separation agreement,
> divorce decree or other order of a court of record . . . .

The creditor bears the burden of proof in an action under § 523(a)(5). *Mallo v. Mallo* (*In re Mallo*), 03.3 I.B.C.R. 196, 197 (Bankr. D. Idaho 2003) (citing *Stocks v. Calo* (*In re Calo*), 97.3 I.B.C.R. 87, 88 (Bankr. D. Idaho 1997)).

Plaintiff has established and Defendant does not contest that the debt represented by the damage award of $1,083.00[3] is a debt for the support of

---

[3] The Court notes that the amount Plaintiff claims is owed in Ex. A is $31.81 more than the amount awarded by the judgment. The difference is inconsequential. To the extent the difference represents additional obligations incurred after entry of judgment and after the filing of the bankruptcy petition, those amounts would be postpetition obligations unaffected by Defendant's bankruptcy filing. *See* 11 U.S.C. § 101(10) (defining a creditor as an entity that has a claim against the debtor that arose before the filing of the petition). If the amount represents prepetition child care costs, Plaintiff did not establish that Defendant owes any more than the amount awarded in the

MEMORANDUM OF DECISION - 10

Defendant's children, and that the judgment was obtained in order to enforce the terms of the parties' divorce decree. The divorce decree obligates Defendant to pay a pro rata share of the parties' child care costs. Defendant, in his schedules, represented that he owed a debt to Plaintiff of $1,118.00 for his "daycare contribution." Defendant did not deny the allegations in Plaintiff's Complaint that the judgment was obtained in order to enforce the terms of the parties' divorce decree regarding payment for child care expenses. Compl., ¶ 4, Docket No. 1; Ans., ¶ 4, Docket No. 3. And Plaintiff introduced exhibits showing the bills she received from and paid to the children's care providers, which amounted to roughly the amount the court awarded in its judgment. Ex. A, AA.

       Defendant's arguments concerning whether Plaintiff violated the terms of the divorce decree in incurring the debt all amount to a collateral attack on the validity of the state court judgment. Because Defendant should have litigated those issues in state court, but elected not to do so, these arguments can not be raised now in defense of Plaintiff's complaint to determine whether the debt should be declared nondischargeable. This Court declines Defendant's invitation

judgment.
MEMORANDUM OF DECISION - 11

to review the validity of the state court judgment.[4]  If Defendant feels there are good grounds to attack that judgment, he is free to return to state court to do so.

## Conclusion

The Court will grant Plaintiff's motion for summary judgment in part.  The portion of the state court judgment awarding $1,083.00 to Plaintiff for child care expenses was not entered in violation of the automatic stay, and that amount of the judgment debt is excepted from discharge under § 523(a)(5).  The remaining portion of the state court judgment for court costs is void and unenforceable.  A final judgment will be entered.

Dated: May 3, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] The Court observes that the parties' divorce decree gave Defendant a "right of first refusal" if Plaintiff required child care while she was working.  It is clear that the child care expenses in this case were incurred while Plaintiff was attending school, not working.  Again, whether the provision in the divorce decree making Defendant liable for a share of the costs even applied under these circumstances is an issue beyond the purview of this Court.

MEMORANDUM OF DECISION - 12